JUDGE KRAM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X
                                   :

UNITED STATES OF AMERICA,
                                   :

    - v. -                     **07 CRIM.**   **399**

                                   :

JAMES CICCONE,
                                   :   07 Cr.

         Defendant.
                                   :

----------------------------------X

<u>COUNT ONE</u>

    The Grand Jury charges:

    1.    From in or about October 2004, up to and including the present, in the Southern District of New York and elsewhere, JAMES CICCONE, the defendant, unlawfully, willfully, and knowingly, and with intent to defraud, did effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during any 1-year period, the aggregate value of which is equal to and greater than $1,000, to wit, the defendant opened credit card and cell phone accounts in the name of another, and used the accounts to obtain goods and monies in excess of $1,000.

    (Title 18, United States Code, Section 1029(a)(5).)



<u>Count Two</u>

The Grand Jury further charges:

2.    From in or about October 2004, up to and including the present, in the Southern District of New York and elsewhere, JAMES CICCONE, the defendant, unlawfully, willfully and knowingly, did possess and use, without lawful authority, a means of identification of another person, during and in relation to any felony violation enumerated in Section 1028A(c), to wit, the defendant possessed and used personal identification information in the name of another to commit the access device fraud charged in Count One of this Indictment.

(Title 18, United States Code, Section 1028A.)


<u>FORFEITURE ALLEGATION</u>

<u>AS TO COUNT ONE</u>


3.    As the result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1029, alleged in Count One of this Indictment, JAMES CICCONE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), all property that constitutes or is derived from proceeds that the defendants obtained directly or indirectly from the commission of the offenses, including but not limited to a sum of money equal to at least $31,347.98 in United

2

States currency.

       4.  As the result of committing one or more of the offenses in violation of Title 18, United States Code, Section 1029, alleged in Count One of this Indictment, JAMES CICCONE, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), all personal property used and intended to be used to commit the offense alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

       5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third person;

      (c)  has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1029.)


FOREPERSON

MICHAEL J. GARCIA
United States Attorney

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMES CICCONE,

Defendant.

### INDICTMENT

07 Cr.

(18 U.S.C. §§ 1028A,
1029(a)(5))

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.