UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA,            :
                                     :      07 Cr. 399 (DLC)
            -v-                      :
                                     :      MEMORANDUM OPINION
JAMES CICCONE,                       :           AND ORDER
                        Defendant.   :
                                     :
-------------------------------------X

DENISE COTE, District Judge:

    On June 18, 2008, defendant James Ciccone moved for a stay of his surrender date of June 20. The Government opposes the application.[1] For the following reasons, the motion is denied.

    On January 8, 2008, Ciccone pleaded guilty to a violation of 18 U.S.C. § 1029(a)(5) pursuant to a plea agreement that contained a stipulated sentencing guidelines range of 10 to 16 months' imprisonment and a waiver of appellate rights so long as Ciccone was not sentenced to a term of imprisonment greater than 16 months. During his plea allocution, Ciccone acknowledged reading the agreement, discussing it with his attorney, and understanding that by executing the agreement he had agreed that a sentence within that range would be a reasonable sentence.

    At the sentencing proceeding on May 8, the Court determined that the guidelines range of 10 to 16 months' imprisonment

---

[1] When the Court's staff inquired whether the Government would be responding to the motion, it learned that Ciccone had not served the Government with his motion. Rather than rejecting the motion for failure to effect service, the Court provided a copy to the Government and it responded today. The Government has served Ciccone with its opposition by e-mail and first class mail.

calculated in the Pre-Sentence Report, which was identical to that in the plea agreement, was correct. The Court noted that under the plea agreement the parties had reserved their rights under 18 U.S.C. § 3553(a) to request a nonguidelines sentence, and described some of the most salient facts in Ciccone's personal history that the Court was considering in imposing sentence. After counsel and Ciccone addressed the Court, the Court imposed sentence, observing that it had "to decide what a reasonable sentence is and consider all of the 3553(a) factors." Among other things, Ciccone was sentenced to a term of imprisonment of five months to be followed by a term of supervised release of three years with a special condition that Ciccone serve five months in community confinement.[2] He was ordered to surrender by June 20 at 2 p.m. to the designated institution, and advised that a failure to surrender could subject him to a charge of bail jumping. There was no application for an extended surrender date.

Ciccone has filed a notice of appeal. In his motion for a stay of surrender Ciccone argues principally that there are novel issues to be heard on appeal, including whether "imposition of a reasonable sentence requires explicit consideration of a non-guidelines sentence and if so, what criteria and degree obtain." He argues that the Court abused its discretion by "irrationally failing to consider a non-guidelines sentence."

---

[2] At the time sentence was imposed, Ciccone was living in his lawyer's office and did not have a residence.

2

Under 18 U.S.C. § 3143(b)(1) the presumption that a defendant who has received a sentence of imprisonment will be detained pending appeal may be overcome with a showing "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Id. § 3143(b)(1)(B)(iii)-(iv). The defendant has not carried this burden; he has identified no substantial question that is likely to result in a change to his sentence. This motion is simply brought for purpose of delay.

Ciccone has waived his right to appeal his five month term of imprisonment. His waiver in his plea agreement applied to any sentence of 16 months or less. Such waivers are enforceable and Ciccone has identified no reason why it should not be enforced in his case. See, e.g., United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008). Even if appellate review of the sentence were available to Ciccone, he has not shown that there is a substantial question about the integrity of the sentencing proceeding that might require a resentencing. The Court made explicit reference to § 3553(a) twice during the proceeding, evidencing its awareness that the § 3553(a) factors must be considered in imposing sentence. Moreover, as the record of the sentencing proceeding shows, the Court was familiar with the parties' written

submissions and the facts concerning Ciccone that were relevant in imposing an individualized sentence on Ciccone in light of the § 3553(a) factors.

CONCLUSION

James Ciccone's June 18, 2008 motion for a stay of surrender is denied.

SO ORDERED:

Dated:   New York, New York
         June 19, 2008

                                    _____
                                           DENISE COTE
                                    United States District Judge

4

COPIES SENT TO:

Parvin Moyne
Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

James Ciccone,
770 Broadway, 2nd Floor
New York, NY 10003

COPY FAXED TO:

Joyce Fallek
U.S. Court of Appeal